# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DUSTIN BEAVERS,<br><br>Plaintiff<br><br>v.<br><br>GEICO CASUALTY COMPANY,<br><br>Defendant | Case No.: 2:19-cv-00846-APG-NJK<br><br>**Order Rejecting Joint Proposed Pretrial Order**<br><br>[ECF No. 33] |

The parties' proposed Joint Pretrial Order (ECF No. 33) does not comply with Local Rules 16-3 and 16-4. For example, in the defendant's objections to the plaintiff's exhibits, the defendant "reserves the right to object to the admissibility on the basis of foundation, authenticity, relevance, and admissibility [and] further reserves the right to object to any exhibit being offered by Plaintiff" for a variety of other reasons. ECF No. 33 at 8. Curiously, the plaintiff asserts a similar blanket objection despite the fact that the defendant has listed no exhibits. Simply offering a laundry list of objections without specifying which objection relates to which exhibit does not satisfy Local Rule 16-3(b)(8)(B). That practice suggests the lawyer is too lazy to review the exhibits and contemplate proper objections.

Further, both parties (particularly the defendant) list what appears to be every witness identified in discovery. *Id.* at 9-15. While the plaintiff's list includes 16 witnesses, the defendants' list includes 43. Despite these voluminous lists, the parties insist that the trial will last only five to seven days. *Id.* at 15. That is nearly impossible. The parties (or at least the defendants) apparently have not bothered to think about the witnesses they actually intend to use at trial.

Both parties' witness lists include several "Person Most Knowledgeable" and "Custodian of Records" witnesses. If the medical records are stipulated into evidence (*see Id.* at 3-7), there should be no need for "Custodian of Records" witnesses to authenticate records. And the parties should know by now the names of the witnesses they intend to present at trial, so a "Person Most Knowledgeable" designation is improper. If those witnesses were not identified during discovery, they cannot be called at trial.

Local Rules 16-3 and 16-4 are designed to streamline the trial preparation and presentation, and to foster settlement. The parties cannot simply wait to make trial decisions until the eve of trial. If they do, they cannot conduct effective settlement discussions. It is apparent from the proposed Joint Pretrial Order that the defendant ignored the spirit, purpose, and language of Local Rule 16-3. The proposed order will be rejected. The parties shall submit a new proposed joint order correcting these identified problems, and any others, and complying with Local Rules 16-3 and 16-4.

I ORDER that the parties' Joint Pretrial Order **(ECF No. 33) is REJECTED.** The parties shall personally confer as required in Local Rule 16-3, and submit a Joint Pretrial Order that complies with Local Rule 16-4 by March 17, 2020.

DATED this 25th day of February, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE